UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

ELSA A.ALMEIDA,

                 **Plaintiff**

  -against-

CARLOS AGUINAGA BUENO AND
CRISTINA AGUINAGA BUENO
                 **Defendants**

-------------------------------------------------------X

Index No.:

**COMPLAINT AND JURY DEMAND**

Plaintiff, **ELZA E. ALMEIDA**, by her attorney, Maria Isabel A.N. Thomas, as and for Complaint herein, respectfully sets forth and alleges:

1. At all relevant times herein, Plaintiff was employee of Defendants, hired to perform physical labor, and brings this action for unpaid wages, unpaid overtime wages, and to remedy Defendants unlawful conduct.

2. Plaintiff further complains that: i) she is entitled to unpaid wages and overtime wages from Defendants for her work; ii) is entitled to back wages from Defendants for not receiving her wages and being deprived of overtime premium pay; iii) is entitled to spread-of-hours pay for days worked in excess of ten hours per day; iv) and entitled to have Defendants make payments of employment taxes for the time she worked for them so as to have social security benefits.

## JURISDICTION AND VENUE

3. Jurisdiction is conferred upon this Court by 29 U.S.C. § 216(b) of the FairLabor

Standards Act (FLSA), by 28 U.S.C. § 1331, this action arising out of the laws of the United States, and 28 U.S.C. § 1337, this action arising under Acts of Congress Regulating commerce.

4. Jurisdiction over Plaintiff's claim for declaratory relief is conferred by 28 U.S.C. §§ 2201 and 2202.

5. This Court has supplemental jurisdiction over the state law claims raised Herein by virtue of 28 U.S.C. § 1367.

6. Venue is vested in the Southern District of New York pursuant to 28 U.S.C. § 1391(a), because upon information and belief, the Defendants reside within this District.

## PARTIES

7. Elza A. Almeida was Defendants' employee. A Consent to Sue is attached at the back of this Complaint.

8. Plaintiff was engaged in commerce while working for Defendants.

9. Carlos Aguinaga Bueno and Christina Aguinaga Bueno (Defendant employers), residing at 340 East 72nd Street, New York, New York 10021-4768, upon information and belief, are entrepreneurs, and have had gross revenues in excess of $500,000.00 for all relevant periods herein.

10. Defendants are Plaintiff's employers as those terms are defined in the FLSA and New York Labor Law.

## FACTS

11. Plaintiff and Defendants are originally from Brazil, which was initially what brought them into the employer/employee relationship. The idea that her employers

came from the same country, made Plaintiff more comfortable to work for them, as a live-in domestic employee. Plaintiff, who has very limited education, implicitly trusted that the Defendants would always look for her best interest.

12. On or about August 13, 1990, Defendants employed Plaintiff to work five days per week, forty hours weekly. Instead, Plaintiff was required to work an average of eighty to ninety hours per week.

13. There was no written agreement between the parties and Plaintiff was paid cash during her entire employment. Upon being questioned by Plaintiff as to whether they (Plaintiff and Defendants) should be paying taxes, Defendants dismissed the question implying that such payments were not required in the United States.

14. Plaintiff was not employed in management position, nor were her duties managerial.

15. Plaintiff did not have authority to hire and fire employees.

16. Plaintiff was closely supervised, and did not devote any working hours to activities directly or closely related to management.

17. Plaintiff worked as a nanny, a housekeeper and a cook from August, 1990 to December, 2005, for which lately she was supposed to receive $105,00 daily plus room and board, along with an unlawfully low wage for every hour worked beyond eight hours per day.

18. Plaintiff was not provided the means for recording or reporting the hours she worked.

19. Plaintiff has not received overtime compensation at the rate of time and one-

half for all hours worked over 44.

20. When Plaintiff reached a more advanced age and began having health issues, Defendants changed the way the treated her to such an extent that she was forced to resign.

21. Defendants knowingly and willfully failed to pay Plaintiff her wages for her last week plus her proportional vacation pay.

22. Defendants knowingly and willfully failed to pay Plaintiff her overtime compensation.

23. Defendants knowingly and willfully failed to withhold federal incomes taxes and social security taxes for wages paid to Plaintiff.

24. Defendants knowingly and willfully failed to pay social security taxes equal to the amount withheld from Plaintiff's wages.

25. Defendants knowingly and willfully failed to furnish Plaintiff with W-2 Statement of Earnings, thus enabling her to file Tax Returns.

26. Defendants maliciously and with reckless disregard violated the rights of Plaintiff.

27. Defendants profited by not paying Plaintiff her wages and overtime compensation and applicable taxes.

28. Defendants knew or should have known that they did not comply with Articles 6 and 19 of the New York Labor Law.

29. Defendants knew or should have known that their failure to collect and pay social security taxes would deprive Plaintiff of social security benefits.

## AS TO THE FIRST CAUSE OF ACTION

30. Plaintiff alleges and realleges all the paragraphs above.

31. Defendants failed to pay wages and premium overtime wages to the plaintiff in violation of the FLSA, 29 U.S.C. § 203,207 et seq., and its implementing regulations.

32. Defendants failure to comply with FLSA caused Plaintiff to suffer loss of wages and interest thereon.

33. Defendants failed to pay wages, and overtime wages to the plaintiff in violation of New York Labor Law Articles 6 and 19 and their implementing regulations, 12 NYCRR § 138, et seq.

34.. Defendants' failure to pay overtime wages for each hour worked over 44 per week was willful within the meaning of Labor Law § 663.

35. Defendants failure to comply with the New York Labor Law overtime protections caused Plaintiff to suffer loss of wages and interest thereon..

36. Defendants willfully violated New York Labor law § 193 by making unlawful deductions from wages.

37. Defendants failed to withhold and pay Federal Income Tax and failure to furnish W-2 Statement of Earnings for every and each year Plaintiff worked as their employee in violation of federal and state laws.

38. Defendants failed to withhold and pay social security taxes in violation of federal and state laws.

39. Defendants failed to pay social security tax equal to the amount that should have

been withheld from Plaintiff's wages in violation of federal and state laws.

40. Defendants failed to pay federal unemployment tax in violation of federal law.

## AS TO THE SECOND CAUSE OF ACTION

41. Plaintiff alleges and realleges all the paragraphs above.

42. By failing to make payments required by federal and state law, Defendants breached the duties of fair dealing and good faith.

43. By failing to make statutorily required payments on Plaintiff's behalf, Defendants willfully and knowingly engaged in conduct that deprived Plaintiff of benefits and injured her right to receive the fruits of their agreement.

## AS TO THE THIRD CAUSE OF ACTION

44. Plaintiff alleges and realleges all the paragraphs above

45. Defendants' failure to make payments under federal and state statutes breached a fiduciary duty owed to Plaintiff.

46. Defendants willfully and knowingly failed to make payments under federal and state law at all relevant times, profiting from the relationship where the defendants had complete control, and Plaintiff trusted in their integrity and fidelity.

47. By their conduct with reckless disregard to Plaintiff's rights, Defendants violated New York Law.

## JURY DEMAND

48. Plaintiff demands a jury trial for all counts of this Complaint.

## PRAYER FOR RELIEF

49. Wherefore Plaintiff requests that this Court enter judgment or an order to Plaintiff declaring that the Defendants violated the FLSA of the New York Labor Law, Articles 6 and 19.

50. Declaring that the Defendants' violations of the FLSA and the New York Labor Law were willful;

51. Awarding damages for Plaintiff's claims of unpaid wages as secured by the FLSA as well as an equal amount in liquidated damages;

52. Awarding damages for her claim of unpaid wages as secured by Articles 6 And 19 of the New York labor Law, as well as an additional 25% in liquidated damages;

53. Awarding Plaintiff costs and reasonable attorney's fees;

54. Granting Plaintiff compensatory damages and liquidated damages against Defendants in the amount to be determined for Plaintiff's pain and suffering, humiliation, and mental anguish caused by Defendants' differential treatment;

55. Granting Plaintiff punitive damages against Defendants in the amount to be determined for conduct so warranting;

56. Granting Plaintiff back pay, front pay, and lost benefits;

57. Granting Plaintiff her costs, pre and post judgment interest, expert witness fees, if applicable, and reasonable attorneys' fees; and

58. Granting such further relief as the Court finds just.

Dated: May 18, 2005

    New York, New York

                Respectfully submitted,

By: _____

Maria Isabel A.N. Thomas (MIT 0234)
Thomas & Thomas, LLC
300 Park Avenue, 17 th Floor
New York, New York 10022
(212) 840-9320

## CONSENT TO SUE

ELZA E. ALMEIDA, the Plaintiff in this matter, hereby consent to the filing of a lawsuit on her behalf, pursuant to the Fair Labor StandardsAct, and the New York State labor Law.

_____
Elza E. Almeida


Dated: May 18, 2006