```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
                                    |
ELZA E. ALMEIDA,                    |
                                    |
            Plaintiff,              |   06 Civ. 3923 (LLS)
                                    |
     - against -                    |   OPINION AND ORDER
                                    |
CARLOS AGUINAGA & CHRISTINA         |
     AGUINAGA BUENO,                |
                                    |
            Defendants.             |
                                    |
------------------------------------x
```

Plaintiff's claim under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201-219 (1998) (FLSA), against her former employers is dismissed because her pay exceeded the FLSA's minimum wage, and because as a live-in domestic service employee she is statutorily excluded from the FLSA's provisions concerning time-and-a-half overtime pay.

## Background

In 1990, Carlos and Christina Aguinaga hired Elza Almeida as a live-in domestic service employee to care for their children, cook and do housework. The parties agreed that Almeida would work about five days a week for approximately eight hours a day, or forty hours per week. However, according to Almeida, she was soon required to work at least sixteen and a half hours a day, often six days a week. (Almeida Decl. ¶¶ 7,

32.)  Ultimately, finding the working and living conditions unbearable, Almeida quit on December 6, 2005.

While Almeida worked for the Aguinagas she was given room and board, and a weekly salary based on a daily wage.  Soon after she started working, her daily wage increased from $60 to $70.  According to Almeida, her daily wage rose to $100 a day in November 1998 and $105 a day in April 2005.  (Almeida Decl. ¶ 29.)

Almeida filed her complaint on May 23, 2006 and an amended complaint on June 20th.  The amended complaint alleged that the Aguinagas willfully paid her less in regular wages and time-and-a-half overtime pay than required by the FLSA and the New York Labor Law, and that they violated federal and state laws by failing to withhold and pay taxes on her behalf.

The Aguinagas moved to dismiss Almeida's federal claims on the grounds that (a) as a live-in domestic service employee she is statutorily excluded from the FLSA's overtime pay provision, (b) she was always paid more than the FLSA's minimum wage during the period open under the statute of limitations, and (c) there is no private right of action for failure to pay and withhold taxes.

In response to the motion to dismiss her federal claims, Almeida moved for leave to file a second amended complaint (SAC).  The court granted leave to amend and treated the motion

to dismiss as one for summary judgment pursuant to Rule 56 because it was necessary to consider the parties' affidavits in connection with the Aguinaga's argument that Almeida was paid more than the FLSA minimum wage.  (Aug. 28, 2006 Order, Dkt. No. 25.)

Almeida now concedes that she was paid more than the FLSA minimum wage at all times open under the three-year[1] statute of limitations.  (Pl. Mem. 15, Sept. 20, 2006; Almeida Decl. ¶ 29.)[2] She also concurs that the she is not entitled to the FLSA's time-and-a-half overtime premium because she is excluded as a live-in domestic employee pursuant to 29 U.S.C. § 213(b)(21). (Pl. Mem. 2, Aug. 8, 2006.)

Instead, she now alleges that the Aguinagas violated the FLSA by failing to pay Almeida her "regular rate of pay".  (SAC ¶ 37.)  Almeida also alleges that the Aguinagas violated the FLSA by failing keep records of her employment.  She does not

---

[1] For purposes of this motion, the court will assume that any FLSA violations were willful, thereby extending the limitations period from two to three years.  29 U.S.C. § 255(a); Yang v. ACBL Corp., 427 F. Supp. 2d 327, 337 (S.D.N.Y. 2005) (three year statute of limitations applies to willful FLSA violations).

[2] Almeida states that she was paid $100 a day from November 1998 to April 2005, and $105 a day from April 2005 until she quit in December 2005.  (Almeida Decl. ¶ 29.)  Crediting her assertion that she worked sixteen and a half hours a day, id. ¶ 7, her hourly wage was $6.06 from November 1998 to April 2005 and $6.36 thereafter.  Each exceeds the FLSA minimum wage of $5.15.  See 29 U.S.C. § 206(a)(1).

assert a private cause of action for this latter failure, but contends it shifts the burden to the Aguinagas to rebut her evidence of a FLSA violation and the amount of any award. (Sept. 15, 2006 Ltr. from Denise K. Bonnaig, Esq. to Court at 4.)  Before that burden shifts, however, Almeida must "'submit sufficient evidence from which violations of the Act and the amount of an award may be reasonably inferred.'"  <u>Reich v. S. New England Telecoms. Corp.</u>, 121 F.3d 58, 66 (2d Cir. 1997), quoting <u>Martin v. Selker Bros. Inc.</u>, 949 F.2d 1286, 1296-97 (3d Cir. 1991).

The present complaint also asserts State claims for violations of New York's overtime and spread-of-hours provisions, 12 N.Y. Comp. Codes R. & Regs. §§ 142-2.2, 142-2.4, as well as breaches of contract and fiduciary duty for failure to make statutorily required payments on Almeida's behalf.  (¶¶ 38-45.)

<u>Motion to Dismiss</u>

Although the motion to dismiss was treated as one for summary judgment in order to consider evidence outside the pleadings with respect to the minimum wage issue (since resolved), the FLSA "regular rate of pay" claim can be decided without reference to extraneous evidence.  Therefore, the appropriate standard is one for a motion to dismiss for failure

to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6).

On such a motion, a court accepts the factual allegations of the complaint as true, and draws all inferences in the plaintiff's favor.  Mills v. Polar Molecular Corp., 12 F.3d 1170, 1174 (2d Cir. 1993).  A claim may be dismissed only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957).

This decision concerns only Almeida's FLSA claim.  The parties are engaged in discovery proceedings to ascertain whether there is a separate basis of jurisdiction over her other claims.


## Discussion

Although Almeida concedes that she is not covered by the FLSA's overtime provision, 29 U.S.C. § 207(a)(1), she claims that the FLSA nevertheless entitles her to a constructive "regular hourly rate of pay" for each hour she actually worked.  She argues that when she was paid (for example) $100 a day for eight hours of work, this established an implicit hourly rate of $12.50 which should have been paid for each of the 16 and a half hours she actually worked — for a total of $206.25 per day.

Almeida cites a Department of Labor regulation, 29 C.F.R. § 778.113(a), which provides that the regular hourly rate of pay for employees paid by the week is calculated by "dividing the salary by the number of hours which the salary is intended to compensate." The regulations, of course, only apply to situations covered by the FLSA itself.

That calculation applies the FLSA's overtime provision, 29 U.S.C. § 207(a)(1), to determine the hourly rate upon which a covered weekly employee's time-and-a-half pay for overtime (more than 40 hours a week) is based. See Adams v. Dept. of Juvinile Justice of New York City, 143 F.3d 61, 66-67 (2d Cir. 1998) ("In order to calculate an employer's FLSA compliance, wages must be expressed in terms of a regular hourly rate"); Moon v. Kwon, 248 F. Supp. 2d 201, 230-31 (S.D.N.Y. 2002) (setting forth the calculation). Accordingly, the cases Almeida cites calculate the regular hourly rate based on a weekly salary to determine the overtime premium for employees covered by the FLSA. See, e.g., Yang, 427 F. Supp. 2d at 338-39; Moon, 248 F. Supp. 2d at 230-31.

But those calculations and rates apply only to employees who are covered by the FLSA's overtime provision, not to those (like Almeida and other domestic helpers) who are not. See 29 U.S.C. § 213(b)(21) ("The provisions of section 207 of this title shall not apply with respect to . . . any employee who is

employed in domestic service in a household and who resides in such household"), quoted in Manliguez v. Joseph, 226 F. Supp. 2d 377, 388 (E.D.N.Y. 2002) (plaintiff considered a domestic servant and therefore not entitled to overtime compensation under FLSA). Accordingly, her FLSA claim is dismissed.

As noted above, Almeida also asserts claims which are not preempted by the FLSA and may be viable under New York State's statutes and common law, see Manliguez, 226 F. Supp. 2d at 388-89 (although excluded from coverage under FLSA, domestic servant stated a claim for overtime compensation under New York law). Those claims are not involved in this decision.

## Conclusion

For the above reasons, Almeida's claim under the FLSA is dismissed.

So Ordered.

Dated: New York, NY
       October 12, 2006

                                        _____
                                        Louis L. Stanton
                                        U.S.D.J.